Sol S. Kassin, Appellee, v. Grigsby-Grunow Company and R. R. Trimarco, Appellants.

Gen. No. 36,266.

Heard in the first division of this court for the first district at the October term, 1932. Opinion filed December 29, 1932. Rehearing denied and opinion slightly modified January 13, 1933.

JONES, ADDINGTON, AMES & SEIBOLD, for appellants; ALBERT F. MECKLENBURGER, SIDNEY NEUMAN and JOSEPH F. DEVEREUX, JR., of counsel.

SABATH, PERLMAN, GOODMAN & REIN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants seek to reverse a judgment of the circuit court of Cook county awarding a peremptory writ of mandamus to compel them to permit plaintiff, a stockholder of defendant, Grigsby-Grunow Company, a corporation, to examine all books of account and records of the company.

In the petition for the writ it was alleged that the petitioner owned 492 shares of the common stock of the defendant, Grigsby-Grunow Company, represented by five certificates of stock, giving the numbers of the

five certificates and the number of shares of stock represented by each; and it was further alleged that the defendant, Trimarco, was the secretary of the Grigsby-Grunow Company, and had in his possession the custody and control of the books of the company; that the petitioner, as a stockholder, desired to examine the books and records and repeatedly requested Trimarco to give petitioner the opportunity to do so at a reasonable time to be designated by Trimarco; that Trimarco gave evasive and unsatisfactory replies and finally refused. The petition was verified.

The substance of the allegations of defendants' amended answer was that the stock was of the par value of from $1 to $1.50 per share; that ''defendants are informed and believe, and on such information and belief allege that the petitioner is not and was not at any time heretofore the owner of said 492 shares of common stock of Grigsby-Grunow Company,'' or of any stock of the company; that the 492 shares were owned by the North-Ward Radio Company of New Jersey; that that company had transferred the title to the petitioner fraudulently and in bad faith for the purpose of concealing the real owner of the stock and to harass and embarrass the Grigsby-Grunow Company in a suit which that company had brought in the United States District Court of New Jersey against the North-Ward Radio Company to recover more than $100,000 claimed to be due and owing to the Grigsby-Grunow Company; and that the instant case was brought as a ''fishing expedition'' so that the North-Ward Radio Company could obtain evidence to be used by it in the suit pending in the United States Court to the effect that the Grigsby-Grunow Company had violated the U. S. statute known as the Clayton Act. The answer was verified. A demurrer was sustained to the answer, the writ awarded, and the defendants appeal. Petitioner has filed no brief in this court.

Section 38, ch. 32, Cahill's 1931 Statutes, ¶ 38, page 743, provides: "Each stockholder of a corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the records and books of account. Any officer or director who denies such access shall be liable to the stockholder denied in a penalty of ten per centum of the value of stock owned by such stockholder, in addition to any other compensation or remedy afforded him by law, if any, which shall be recoverable in any court of competent jurisdiction.

"It shall be a defense of any action for penalties under this section that the person suing therefor has within two years sold or offered for sale any list of stockholders of such corporation or of any other corporation or has aided or abetted any person in procuring any stock list for any such purpose.

"Nothing herein shall impair the power of the courts to compel by mandamus or judgment production for examination by any stockholder of the stock books of any corporation."

Under this statute a stockholder of a corporation has the absolute right to examine its records and books of account, except that he must make such examination at reasonable times and under such conditions as will not unduly hinder and embarrass the company in the conduct of its business. And the fact that such stockholder is interested in a competing company and may by such examination obtain information that will be of benefit to the rival company, will not defeat his statutory right to examine the books and records of the corporation. *Furst v. W. T. Rawleigh Medical Co.,* 282 Ill. 366; *Stone v. Kellogg,* 165 Ill. 192; *Cooper v. Nutt,* 254 Ill. App. 445. The only qualification to the rule of law which we have just stated is that a stockholder must not be permitted to make an examination of the books and records of the company out of idle

curiosity or for some improper or unlawful purpose. *Furst v. W. T. Rawleigh Medical Co., supra; Stone v. Kellogg, supra.*

The petitioner positively alleges that he is the owner of 492 shares of stock of the defendant company, represented by five stock certificates, and particularly describes each certificate. The answer of the defendants is in substance that while petitioner is the legal owner he is not the beneficial owner of the stock; that the North-Ward Radio Co. of New Jersey, is the beneficial owner and that the petition is filed for the sole purpose of acquiring information so that the North-Ward Radio Company may have a defense to a suit brought by the defendant company against it in the federal court. We think this allegation is insufficient. The petitioner's motive in bringing the suit is immaterial and not subject to inquiry by the custodian of the books and records. *Furst v. W. T. Rawleigh Medical Co., supra.*

For the reasons stated the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.